## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

In re:    CHRISTOPHER CHARLES HEARN SR.          Case No.   13-71947-SCS
                                                  Chapter 7
              Debtor.

## OBJECTION TO CONFIRMATION

NOW COMES Port Alliance Federal Credit Union ("Credit Union"), by counsel and objects to the Debtor's Chapter 13 Plan filed in this case, and in support thereof, states as follows:

1)    The Debtor filed for relief pursuant to Chapter 13 on May 21, 2013.

2)    R. Clinton Stackhouse Jr. was appointed Chapter 13 Trustee.

3)    The Credit Union is a creditor and party in interest.

4)    On or about April 9, 2012, the Debtor entered into a Retail Installment Contract ("Contract") with Priority Honda to purchase a 2010 Mercedes 300SE, VIN-12494 ("Vehicle"), a copy of the Contract is attached as **Exhibit A**.

5)    The Contract was assigned to the Credit Union.

6)    The Credit Union's lien is evidenced by a lien on the Certificate of Title, a copy of which is attached as **Exhibit B**.

7)    There is an outstanding balance due on the Vehicle in the amount of $32,591.66, plus accruing interest.

Steven L. Brown, Esquire
Wolcott Rivers Gates
Counsel for Port Alliance Federal Credit Union
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
757-497-6633
VSB#23740

8) The Debtor's Chapter 13 Plan proposes to pay the Credit Union only $20,850.00.

9) The Debtor is attempting to cram down the Credit Union's claim.

10) The claim is a "910 Claim" and pursuant to the hanging paragraph of 11 U.S.C Section 1325(a)(5) the full balance must be paid.

11) The Debtor's Chapter 13 Plan proposes first month payment of only $50.00 which is not enough to pay the monthly adequate protection payment to the Credit Union of $300.00. The first payment of $50.00 is inadequate to provide the Credit Union with adequate protection.

12) 11 U.S.C. § 1325(a)(5)(B)(iii)(II) requires that the Chapter 13 Plan provide the Credit Union with payments that adequately protect the Credit Union.

13) Therefore, since the Debtor is not providing payments to the Credit Union that do not adequately protect the Credit Union's interests, the Chapter 13 Plan cannot be confirmed.

14) The Debtor's Schedule I states a 401k Loan payment of $168.65 per month ("Loan").

15) The Loan will be repaid prior to the sixtieth (60th) month of the Plan so the Debtor needs to pledge this additional money as additional funding.

16) The Debtor's son is 22 years old and by the end of the 60th month of the Plan, the son will no longer be a dependant.

17) The Debtor needs to pledge this additional money as additional funding.

18) The Debtor is not pledging all of his net disposable income to the Chapter 13 Plan.

19) The Chapter 13 Plan fails to comply with 11 U.S.C. § 1325(b)(1)(B).

20) Based upon the above, the Debtor's Chapter 13 Plan is not filed in good faith.

WHEREFORE, Port Alliance Federal Credit Union objects to the Debtor's Chapter 13

Plan and moves this Court not to confirm same.

                         PORT ALLIANCE FEDERAL CREDIT UNION
                         By:_____/s/ Steven L. Brown_____

### IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

In re:    CHRISTOPHER CHARLES HEARN SR.          Case No.   13-71947-SCS
                                                                            Chapter 7
                           Debtor.

### NOTICE OF OBJECTION AND HEARING

Port Alliance Federal Credit Union has filed papers with the Court objecting to the Debtor's Chapter 13 Plan with regard to certain property more particularly described in those papers.

     **Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.   (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, on or before August 1, 2013, you or your attorney must:

         X      File with the court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)].   If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

                 Clerk of Court
                 United States Bankruptcy Court
                 600 Granby Street, Room 400
                 Norfolk, VA 23510

     You must also mail a copy to:

                 Steven L. Brown, Esquire
                 Convergence Center IV
                 301 Bendix Road, Suite 500
                 Virginia Beach, VA 23452

       Steve C. Taylor, Esquire
       133 Mt. Pleasant Road
       Chesapeake, VA 23322

       R. Clinton Stackhouse, Trustee
       7021 Harbour View Boulevard, Suite 101
       Suffolk, VA 23435

    X    **Attend a hearing to be held on <u>August 8, 2013 at 10:00 a.m.</u> at the United States Bankruptcy Court, Judge St. John's Courtroom, 600 Granby Street, 4th Floor, Courtroom One, Norfolk, Virginia.**

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief.

Date:  June 18, 2013                        /s/ Steven L. Brown
                                                Steven L. Brown, Esquire (VSB# 23740)
                                                Counsel for Port Alliance Federal Credit Union
                                                Convergence Center IV
                                                301 Bendix Road, Suite 500
                                                Virginia Beach, VA 23452
                                                (757) 497-6633

CERTIFICATION OF SERVICE

    I hereby certify that on the 18th day of June 2013 a true copy of the foregoing Objection to Confirmation and Notice was mailed or electronically transmitted to Steve C. Taylor, Esquire, counsel for debtor, 133 Mt. Pleasant Road Chesapeake, VA 23322; to R. Clinton Stackhouse, Trustee 7021 Harbour View Boulevard, Suite 101 Suffolk, VA 23435; and to the debtor, 620 Chisholm Lane, Suffolk, VA 23434.

                                                /s/ Steven L. Brown